# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMIE JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:25-cv-00731-MTS |
| ) | |
| KATHRYN THUMANN, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Jamie Jones's Application to Proceed in District Court Without Prepaying Fees or Costs. Doc. [3]. Petitioner failed to complete the form; he left four questions completely blank. For this reason, the Court will deny Petitioner's Motion. The Court, though, also raises another issue. Petitioner is a frequent filer in this Court. *See, e.g.*, 1:24-cv-0229-JSD, 1:24-cv-0230-SNLJ, 1:25-cv-0004-ACL, 1:25-cv-0005-NCC, 1:25-cv-0006-SNLJ, 1:25-cv-0014-SPM, 1:25-cv-0022-SEP, 1:25-cv-0063-SEP, 4:25-cv-0080-SRW, 4:25-cv-0215-JMB. Both in this matter and in these many others, someone is paying a significant amount of postage to regularly send documents to the Court. *See, e.g.*, Doc. [1-1]. Yet Petitioner consistently swears under penalty of perjury that he has no wages, no money of any kind, and has not received any income (including gifts) in the last twelve months.

In short, the Court doubts that Plaintiff is unable to pay the modest five-dollar ($5.00) filing fee associated with this habeas Petition. *See* 28 U.S.C. § 1914(a). For this reason, the Court will require Petitioner to submit a certified copy of his trust fund

account statement (or institutional equivalent) at St. Louis Forensic Treatment Center if he refiles an application to proceed in district court without prepaying fees or costs.[*]

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [3], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that, no later than **Thursday**, **July 24, 2025**, Petitioner Jamie Jones must pay the five-dollar filing fee or file an amended application to proceed in district court without prepaying fees or costs accompanied by a certified copy of his trust fund account statement (or institutional equivalent) at St. Louis Forensic Treatment Center. If Petitioner fails to do so, the Court will dismiss this matter without prejudice and without further notice.

Dated this 24th day of June 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[*] The "Prison Litigation Reform Act filing-fee provisions do not apply to 28 U.S.C. § 2241 actions." *Jacobs v. Barnes*, 857 F. App'x 896, 897 (8th Cir. 2021) (per curiam). But the Rules Governing Section 2254 Cases in the United States District Courts require the same certificate, *see* Rule 3(a)(2), and the Court "may apply" that requirement to this § 2241 "habeas corpus petition," *see id.* at 1(a). The Court does so here in recognition that it "may consider evidence of a plaintiff's financial status when examining the truthfulness of an application to proceed *in forma pauperis*." *Kirkland v. Donahoe*, 1:11-cv-0048-KLL, 2012 WL 2360862, at *2 n.3 (S.D. Ohio June 20, 2012) (citing *Speiser v. U.S. Bank*, 3:10-cv-0098-TAV, 2011 WL 42232, at *4–5 (E.D. Tenn. Jan. 6, 2011)); *cf.* 28 U.S.C. § 1915(3)(2)(A) (requiring that a court dismiss a case "if the court determines that" the plaintiff's "allegation of poverty is untrue").